Filed 5/24/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| PATRICK LOWELL JACKSON, | |
| Petitioner, | E064010 |
| v. | (Super.Ct.No. INF1500950) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate/prohibition. Mark E. Johnson, Judge. Petition denied.

Steven L. Harmon, Public Defender, Laura Arnold, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Michael A. Hestrin, District Attorney, Natalie M. Lough and Matt Reilly, Deputy District Attorneys, for Real Party in Interest.

1

In this matter we have reviewed the petition, the informal response by real party in interest, and the reply. Having determined that petitioner may have established a right to relief, we set an order to show cause. We subsequently reviewed the return and traverse. For the reasons we set forth *post*, we conclude that, at least on the record presently before us, we must deny the petition. Nonetheless, and as we explain in more detail *post*, we publish this opinion to urge the Legislature to amend Penal Code section 1370, subdivision (c)(2),[1] in ways that provide more clarity to trial courts faced with a defendant who has been committed as incompetent for the maximum period allowed by law but who does not meet the criteria for the type of conservatorship the statute describes.

FACTUAL AND PROCEDURAL BACKGROUND

On May 7, 2008, real party in interest (the People) charged petitioner with a violation of section 288, subdivision (b), under case No. INF061963 based on conduct that allegedly occurred on May 3, 2008. On July 24, 2008, the trial court declared doubts as to petitioner's competency to stand trial in case No. INF061963. On February 3, 2010, the trial court found petitioner to be incompetent to stand trial.[2] Petitioner was ordered

---

[1] Unless otherwise specified, all statutory references are to the Penal Code.

[2] The trial court again found petitioner incompetent to stand trial in case No. INF061963 on December 7, 2011. It appears this occurred after petitioner was deemed competent and pled guilty to a violation of Penal Code section 288, subdivision (a), in a different county.

2

committed to Patton State Hospital on March 29, 2012, in conjunction with case No. INF061963.

On May 18, 2015, the trial court in case No. INF061963 ordered petitioner's release from custody. It found petitioner had reached the maximum time of commitment authorized by law. (See § 1370, subd. (c)(1) [defendant who has not regained competency must be returned to court no later than, as relevant here, "the end of three years from the date of commitment"].)

The People then secured an indictment and initiated case No. INF1500950 against petitioner on May 21, 2015. The counts alleged in the indictment also relate to petitioner's alleged conduct on May 3, 2008. In case No. INF1500950, the trial court declared doubts regarding petitioner's competency to stand trial on June 2, 2015. However, the record before us does not demonstrate that a determination regarding petitioner's competence to stand trial has been made in connection with case No. INF1500950.

Arguing that he could no longer be confined because he had exceeded the maximum commitment period authorized by law, petitioner, just as he had done in case No. INF061963, moved for his release from custody in case No. INF01500950. The trial court denied that motion on June 30, 2015. This writ petition followed.

DISCUSSION

Petitioner contends he cannot be lawfully confined in connection with case No. INF1500950 because he has already exceeded the maximum time for which he could

3

have been committed as incompetent to stand trial in relation to the crimes he allegedly committed on May 3, 2008. Because the record fails to support at least two assumptions central to petitioner's reasoning, we must deny the petition.

In *Jackson v. Indiana* (1972) 406 U.S. 715, 731-739 (*Jackson*), the United States Supreme Court considered whether the due process provisions of the Fourteenth Amendment to the United States Constitution can allow a state to commit a criminal defendant found incompetent to stand trial on an indefinite basis. The Court held, "that a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." (*Jackson*, at p. 738.) The California Supreme Court adopted the same rule the following year when it held "that no person charged with a criminal offense and committed to a state hospital solely on account of his incapacity to proceed to trial may be so confined more than a reasonable period of time necessary to determine whether there is a substantial likelihood that he will recover that capacity in the foreseeable future." (*In re Davis* (1973) 8 Cal.3d 798, 801.) Both courts added that a defendant who has been found incompetent to stand trial and will not regain competency "in the foreseeable future" must either be released or committed under an alternative procedure. (*Jackson*, at p. 738; see *Davis*, at p. 801.)

The Legislature then amended former Penal Code section 1370, subdivision (c)(1), in an attempt to provide guidance regarding some of the principles announced in *Davis*.

4

(*In re Polk* (1999) 71 Cal.App.4th 1230, 1236-1238.)  Subdivision (c)(1) of section 1370 requires any defendant who has been found incompetent to stand trial and whose competence has not been recovered to be "returned to the committing court" within, as is relevant to this case, 90 days of the date that is three years after the date of commitment. If such a defendant appears to be "gravely disabled, as defined in subparagraph (B) of paragraph (1) of subdivision (h) of Section 5008 of the Welfare and Institutions Code, the court shall order the conservatorship investigator of the county of commitment of the defendant to initiate conservatorship proceedings for the defendant pursuant to" provisions of the Welfare and Institutions Code.  (Pen. Code, § 1370, subd. (c)(2).)  The type of conservatorship described in the aforementioned section of the Welfare and Institutions Code "is commonly referred to as a 'Murphy conservatorship' after the legislator who sponsored the amendment that added the definition to the [Lanterman-Petris-Short Act] Act in 1974.  (Stats. 1974, ch. 1511, pp. 3316–3324.)" (*People v. Karriker* (2007) 149 Cal.App.4th 763, 775.)  Aside from mentioning the possibility of a Murphy conservatorship, Penal Code section 1370 does not otherwise advise a trial court of its options if a defendant who has been declared incompetent to stand trial is still incompetent at the end of a three-year commitment.

In the absence of such statutory language, defendant relies on *Jackson* and *Davis* to support his contention that complete release from custody is the only outcome that can pass constitutional muster.  As we now explain, however, he is trying to capitalize on language to the effect that a defendant who is still incompetent at the end of the

5

permissible period of confinement must be released, if he is not civilly committed, without actually demonstrating that he meets the conditions precedent to this rule.

First, petitioner has not shown that he is currently "committed *solely* on account of his incapacity to proceed to trial." (*Jackson*, *supra*, 406 U.S. at p. 738 italics added; see similar language in *In re Davis*, *supra*, 8 Cal.3d at p. 801.) While it is true that the indictment in case No. INF1500950 stems from the same alleged conduct as the complaint in case No. INF061963, petitioner has offered no reason why the People could not prosecute him on charges related to his conduct on May 3, 2008, under a new case number if he were currently competent to stand trial. If the prosecution in case No. INF1500950 may continue, and the record and the briefing before us present no bar to that occurrence, we are aware of no reason why petitioner could not be confined in jail awaiting trial on those charges absent another incompetency finding. As we noted *ante*, the record contains no evidence that petitioner has actually been declared incompetent to stand trial in case No. INF1500950, and it contains no other proof that the incompetency the court found to exist in case No. INF061963 still continues. Without substantiating this fact, petitioner has failed to show that his current confinement is due to nothing other than a present incapacity to stand trial. In a similar vein, he has not shown that he has been "committed" at all in case No. INF1500950.

Second, the record contains no evidence regarding "whether there is a substantial probability that [petitioner] will attain . . . capacity [to stand trial] in the foreseeable future." (*Jackson*, *supra*, 406 U.S. at p. 738.) Again, no incompetency finding has yet

6

been made in case No. INF1500950, and the record does not contain any of the reports regarding petitioner's competency that were issued in case No. INF061963. Faced with the same problem, the *Davis* court wrote: "Unlike the situation in *Jackson*, however, the record in the cases before us furnishes no basis for concluding that petitioners are not likely to respond to treatment. Accordingly, it would be premature for us to order petitioners released from confinement at this time." (*In re Davis*, *supra*, 8 Cal.3d at p. 806.) We agree with the *Davis* court that a defendant such as petitioner cannot demonstrate his entitlement to release from all confinement in connection with unadjudicated criminal charges without some basis for concluding that he is both presently incompetent and unlikely to regain competency in the near future.

In a letter brief filed prior to oral argument and at oral argument, petitioner cited *People v. Quiroz* (2016) 244 Cal.App.4th 1371 (*Quiroz*) for the proposition that the People lack the authority to proceed on the indictment they obtained in case No. INF1500950 because petitioner had already been committed for the maximum term authorized by law in case No. INF061963. *Quiroz* stands for no such proposition, as all it held is that a competency hearing is a "special proceeding" that must be authorized by statute, and no statute authorizes holding another competency hearing at the end of a three-year commitment due to incompetency to stand trial when the hospital reports that the defendant is still incompetent and is not likely to recover competency in the near future. (*Id.* at pp. 1379-1380.) Moreover, *Quiroz* is factually distinguishable, as there the record contained a report showing that the defendant seeking release from confinement

was both incompetent and not likely to regain competency. (*Id.* at pp. 1375, 1379-1380.) The absence of such evidence in the record here is a large part of why, as we described *ante*, we cannot grant petitioner the relief he seeks.

We close by suggesting that at least some of the issues the trial court faced in ruling on the motion that is the subject of this writ petition could have been avoided, or at least ameliorated, if section 1370, subdivision (c)(2), provided clearer guidance. For example, *Quiroz* asserts that, "if the defendant remains incompetent but is not a dangerous accused violent felon, the court must release him from confinement" when the defendant is returned to court at the end of the maximum commitment period. (*Quiroz, supra*, 244 Cal.App.4th at p. 1379.) However, section 1370, subdivision (c)(2), gives no such instruction. As we noted *ante,* it instructs that the trial court "shall order the conservatorship investigator of the county of commitment of the defendant to initiate conservatorship proceedings for the defendant," but only when "a defendant is returned to the court pursuant to paragraph (1) or (4) of subdivision (b) or paragraph (1) of this subdivision and it appears to the court that the defendant is gravely disabled" within the meaning of the Murphy conservatorship statute. *Jackson*, *Davis*, and *Quiroz* all note that a defendant who is returned to court at the end of a commitment due to the defendant's incompetency to stand trial may need to be released under certain circumstances, but neither they nor the statutory scheme that authorizes the commitment provide any instruction as to under what criteria and upon what proof such a release is required. We therefore implore the Legislature to examine subdivision (c)(2) of section 1370 and

8

clarify for trial courts statewide what procedures they should follow when faced with a defendant who has been committed as incompetent for the maximum time allowed under the law but who does not qualify for a Murphy conservatorship.

DISPOSITION

The petition is denied.

CERTIFIED FOR PUBLICATION

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

MILLER
J.